# LIBERMAN v. WILLIAMS.

---

PATENTS; INTERFERENCE; DILIGENCE.

1. Where one of the parties to an interference is the first to conceive the invention but later than his rival in its reduction to practice, the controversy between them is reduced to the question of diligence on the part of the former.

2. Failure to reduce to practice until December, 1900, an invention conceived in March, 1900, is lack of diligence on the part of the inventor which will prevent an award of priority of invention to him, where it appears that between those dates he deliberately and intentionally put the invention aside and devised and worked on a machine to which his first invention could easily have been applied, but was not applied, and that in the meantime a rival conceived the invention in controversy and immediately reduced it to practice.

No. 237.   Patent Appeals.   Submitted January 12, 1904.   Decided February 2, 1904.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference case.                      *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. John P. Croasdale* and *Mr. Cornelius D. Ehret* for the appellant.

*Mr. Charles C. Gill* and *Mr. William G. Henderson* for the appellee.

Mr. Justice MORRIS delivered the opinion of the Court:

The controversy in the present case, which comes to us by an appeal from the decision of the Commissioner of Patents in an interference case in the Patent Office, is as to the question of priority of invention in an improved device for machines for the wrapping of cigars. The invention is described in this one count:

"In combination with a supporting-shaft, a hollow roller loosely journaled thereon to permit of a movement transverse of the shaft, and a reciprocating rod supported by said shaft, provided at one extremity with an antifriction-wheel, and spring-actuated to engage with the inner periphery of the roller for exerting yielding pressure, substantially as described."

The Commissioner of Patents says of it and of the preceding art as follows, in his opinion:

"The roller here referred to is that used in well-known cigar-wrapping machines. The roller presses the wrapper-leaf on a die which serves to cut it to the proper shape. Yielding rollers for this purpose were well known long before this invention, and spring-actuated antifriction-wheels for giving them the yielding support were old. The invention here was in placing the spring-actuated wheels inside of a hollow roller, instead of having them bear upon the tops or upon the ends."

The parties were both working upon the same invention at the same time. The appellant, Liberman, who filed his application in the Patent Office on February 25, 1901, and who was the senior applicant, claimed in his preliminary statement to have conceived the invention on March 1, 1900; to have disclosed it

to others on May 1, 1900; to have made a model of it on May 15, 1900; and to have reduced it to practice on December 15, 1900. The appellee, Williams, who filed his application in the Patent Office on April 17, 1901, nearly two months after Liberman, and who was therefore the junior applicant, claimed in his preliminary statement to have conceived the invention on July 2, 1900, and then also to have disclosed it to others; and to have reduced the invention to practice on July 3, 1900.

As stated by the Commissioner in his opinion, the evidence fully sustains the claims of Williams in his preliminary statement, and they are virtually conceded by Liberman. If, at the same time, the claims of Liberman be conceded that he was the first to conceive the invention, but later than his rival in its reduction to practice, the controversy is reduced to the question of diligence on his part. All the tribunals of the Patent Office have held that he was wanting in diligence, and have therefore awarded judgment of priority of invention in favor of Williams. From the Commissioner's decision to that effect, Liberman has appealed.

We find no sufficient ground for a different conclusion from that reached by the Commissioner of Patents. It is conceded by the appellant that the appellee, Williams, conceived the invention and reduced it to practice within two days of July, July 2 and 3, 1900. It is not very clear why the appellant, Liberman, might not have done the same thing. On the contrary, he would seem to have done nothing with this device, if he had the conception of it, until long after the reduction to practice by Williams. He states that, in August of 1900, he devised a solid roller with springs bearing on either end of the machine; and he applied for a patent for it in September. To this machine or device the roller of the present issue could easily have been applied; but it was not so applied. According to his own statement, he postponed the hollow roller of the present issue to the solid roller of the August and September device, because he feared that he could not get a patent for it until a patent to Williams then existing should have expired. In fact, his postponement of the hollow roller was, according to his own

admission, deliberate and intentional, until he had a show to do something with his solid roller and other improvements. In such postponement he took the risk that other inventors might enter the field and nullify the effect of his earlier conception, if such earlier conception he had, by completing the invention and reducing it to practice. And this is what actually happened. His excuse for delay is insufficient in law to bar out an inventor who reduces the invention to practice before he does.

We think that the Commissioner of Patents was right in awarding judgment of priority of invention to the appellee, Williams; and that his decision should be affirmed.

The clerk of the court will certify this opinion, and the proceedings in this court in the premises, to the Commissioner of Patents, according to law. 			*Affirmed.*